# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KOCH AGRONOMIC SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ECO AGRO RESOURCES LLC, <br><br> Defendant. | **Civil Action No. 1:14-cv-0679** <br><br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Koch Agronomic Services, LLC ("Koch") files this Original Complaint for patent infringement against Defendant Eco Agro Resources, LLC ("Eco Agro").

## I.  PARTIES

1. Koch is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 4111 East 37th Street North, Wichita, Kansas 67220. Among other things, Koch manufactures, markets, and distributes specialty chemical products for use in the agricultural sector.

2. Eco Agro is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 603-C Eastchester Drive, High Point, North Carolina 27262. Eco Agro may be served with process by serving its registered

agent, NP Corpserv NC, at 701 Green Valley Road, Greensboro, North Carolina 27408.

3.  Koch is the owner by assignment of U.S. Patent No. 5,698,003 ("'003 Patent").

## II. JURISDICTION AND VENUE

4.  Koch repeats and re-alleges the allegations in Paragraphs 1–3 as though fully set forth in their entirety.

5.  This action arises under the patent laws of the United States, Title 35, United States Code § 1, et seq. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction over Eco Agro consistent with the requirements of North Carolina General Statute § 1-75.4 and the Due Process Clause of the United States Constitution.

7.  Eco Agro has sufficient minimum contacts with the forum as a result of business conducted within the State of North Carolina and within the Middle District of North Carolina. Further, Eco Agro, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the State of North

Carolina, and more particularly, within the Middle District of North Carolina, that infringe the '003 Patent, as described more particularly below.

8. Venue is proper in the Middle District of North Carolina under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

### III. PATENT INFRINGEMENT

9. Koch repeats and re-alleges the allegations in Paragraphs 1–8 as though fully set forth in their entirety.

10. The '003 Patent, entitled "Formulation for Fertilizer Additive Concentrate", was duly and legally issued by the United States Patent and Trademark Office on December 16, 1997.

11. Eco Agro has directly infringed, and is continuing to directly infringe, at least claim 1 of the '003 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing, without authority, products including urease inhibitors comprising n-butyl thiophosphoric triamide (NBPT) in solvents including propylene glycol and dimethyl sulfoxide ("Accused Products").

12. On information and belief, Eco Agro has directly infringed by making, using, selling, offering to sell, and/or importing in the United States the product marketed by Eco Agro under the name N-YIELD.

13. Eco Agro has directly infringed, and is continuing to directly infringe, at least claim 1 of the '003 Patent in this District or otherwise within the United States by offering to sell and selling, and by making and/or importing into the United States, Accused Products for sale to third-party distributors under private labels.

14. Eco Agro has indirectly infringed by inducement and is continuing to indirectly infringe the '003 Patent in this District or otherwise within the United States.

15. On information and belief, Eco Agro has supplied Accused Products to others for sale and use in the United States, and has done so with knowledge of the '003 patent and with the specific intent that those others will sell, offer to sell, or use the Accused Products in the United States, thereby knowingly inducing those others to directly infringe.

16. Eco Agro has knowledge of the '003 Patent at least by way hereof and has not ceased its infringing activities. On information and belief, Eco Agro had knowledge of the '003 Patent no later than October 2012, based on an express discussion of the '003 Patent in a patent application submitted by employees and/or principals of Eco Agro.

17. Eco Agro has actual notice of the infringement alleged herein at least upon filing of this complaint, if not earlier. Eco Agro's continued infringement of

the '003 Patent since having knowledge thereof is and continues to be willful and deliberate.

18. As a direct and proximate consequence of the acts and practices of Eco Agro in infringing, directly and/or indirectly, one or more claims of the '003 Patent, Koch has suffered, is suffering, and, unless such acts and practices are enjoined by the Court, will continue to suffer injury to its business and property rights.

19. In addition, the infringing acts and practices of Eco Agro have caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Koch for which there is no adequate remedy at law, and for which Koch is entitled to injunctive relief under 35 U.S.C. § 283.

20. As a consequence of Eco Agro's infringement, Koch is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.

## IV.  PRAYER FOR RELIEF

Koch prays for the following relief:

A. A judgment that Eco Agro has infringed, directly and indirectly, one or more claims of the '003 Patent;

B. A judgment that Eco Agro's infringement of the '003 Patent has been willful;

C. A judgment and order permanently enjoining Eco Agro, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, the '003 Patent;

D. A judgment and order requiring Eco Agro to pay Koch's damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed, and pre- and post-judgment interest;

E. An award of all costs of this action, including attorneys' fees under 35 U.S.C. § 285 and interest; and

F. Such other and further relief as the Court deems just and equitable.

## V. DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues so triable be determined by a jury.

DATED: August 13th, 2014          Respectfully submitted,

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

/s/ John F. Morrow, Jr.
**John F. Morrow, Jr.** (N.C. Bar No. 23382)
**David R. Boaz** (N.C. Bar No. 44229)
One West Fourth St.
Winston-Salem, NC 27101
Telephone: 336-721-3584
Facsimile: 336-721-3660
Email: jmorrow@wcsr.com
         dboaz@wcsr.com

*Of counsel:*

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

**Aaron R. Fahrenkrog**
Email: arfahrenkrog@rkmc.com
**Christopher K. Larus**
Email: cklarus@rkmc.com
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181